*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY THERESA WADE,

        Plaintiff-Appellant,

v

COREPARK INVESTMENTS, LLC, CITIPARC, LLC, COREPARK AMAZON, LLC, COREPARK AMAZON GROUP, LLC, MUSKEGON REDEVELOPMENT, LP, LDHA, BRUCE J. ESSEX, JR., TRUST, and TRILLIUM AMAZON OWNER, LLC,

        Defendants-Appellees.

UNPUBLISHED
April 21, 2025
9:52 AM

No. 368836
Muskegon Circuit Court
LC No. 2023-002678-CH

Before: BORRELLO, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Plaintiff, Mary Theresa Wade, is a tenant of a residential rental property that was developed by defendant Muskegon Redevelopment, LP, LDHA through the federal Low-Income Housing Tax Credit (LIHTC) program. In exchange for tax credits, Muskegon Redevelopment agreed to offer below-market rent to low-income tenants for an initial 15-year term and then for an additional 30-year-extended-use period. This extended low-income housing commitment was set forth in a regulatory agreement that Muskegon Redevelopment executed with the Michigan State Housing Development Authority (MSHDA). The regulatory agreement was recorded in the county register of deeds and had the full force of a restrictive covenant running with the land.

During the extended-use period, Muskegon Redevelopment conveyed the property to defendant Trillium Amazon Owner, LLC by executing a deed in lieu of foreclosure. MSHDA reviewed the transaction and granted termination of the extended-use period subject to a mandatory three-year tenant protection period (TPP). After the TPP expired, MSHDA recorded a release of the regulatory agreement.

Wade brought this action seeking to enforce the regulatory agreement. Defendants Corepark Investments, LLC, Citiparc, LLC, Corepark Amazon, LLC, Corepark Amazon Group,

-1-

LLC, the Bruce J. Essex, Jr., Trust, and Muskegon Redevelopment (collectively, the non-Trillium defendants) moved for summary disposition under MCR 2.116(C)(4), (7), (8), and (10). The trial court concluded that MSHDA, as the delegate of the Secretary of the United States Treasury, has exclusive jurisdiction under 26 USC 42(h)(6)(E)(i)(I) to determine whether Trillium's acquisition of the property by a deed in lieu of foreclosure was part of an arrangement with Muskegon Redevelopment to terminate the extended-use period. Plaintiff appeals as of right the order granting the non-Trillium defendants' motion and dismissing the case in its entirety for lack of jurisdiction. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

### A. LIHTC PROGRAM

Codified at 26 USC 42 of the Internal Revenue Code, the LIHTC program is an investment vehicle for the development of affordable rental housing for low-income households. The LIHTC program awards tax credits to project owners who agree to rent a minimum number of units to low- and moderate-income individuals at below-market rates for a period of at least 30 years—the initial 15-year compliance period and an extended-use period of a minimum of 15 years . See 26 USC 42(g)(1), (h)(6)(D), (i)(1). Credits are claimed annually over a ten-year period; however, project owners must comply with the LIHTC program during the initial 15-year compliance period or they run the risk of their credits being recaptured by the IRS. See 42 USC 42(a), (c)(2), (f)(1), (i)(1), (j).

In order to receive the tax credits, project owners must enter into an extended low-income housing commitment with the designated state housing credit agency. 26 USC 42(h)(6)(A). The extended low-income housing commitment is a restrictive covenant against the property, it is recorded against the property as a deed restriction governed by state law, and it is binding on all successors of the taxpayer. 26 USC 42(h)(6)(B). In Michigan, MSHDA is designated as the housing credit agency that administers the LIHTC program, MCL 125.1422b(1), and the extended low-income housing commitment is commonly referred to as a regulatory agreement.

### B. AMAZON APARTMENTS

Muskegon Redevelopment owned an apartment complex called the Amazon Apartments. In November 2003, Muskegon Redevelopment entered into a regulatory agreement with MSHDA to rent 89.59% of its units to low-income tenants at reduced rates for the initial 15-year compliance period plus an additional 30-year extended-use period. In 2005, plaintiff began renting one of the rent-controlled units at the Amazon Apartments.

Muskegon Redevelopment had a mortgage on the Amazon Apartments to secure a loan from a lender. In 2014, the lender sued Muskegon Development to foreclose on the mortgage. In 2015, Muskegon Redevelopment filed for bankruptcy. During bankruptcy proceedings, the court required Muskegon Redevelopment to seek bids in an auction for a buyer for equity interests to pay off its debt to the lender. Corepark submitted the winning bid and bought a 99% equity interest in the newly reorganized Muskegon Redevelopment for approximately $3.7 million. After emerging from bankruptcy, Muskegon Redevelopment executed a mortgage on the Amazon Apartments to the Bruce J. Essex, Jr., Trust to secure a $3.8 million promissory note with the Trust.

Despite the reorganization, Muskegon Redevelopment was unable to meet its financial obligations. In early 2017, Muskegon Redevelopment received written notice that it had defaulted on the promissory note.

Approximately one month later, the Trust sold and assigned its rights under the promissory note and mortgage to Trillium for $4.6 million. On the same day, Muskegon Redevelopment transferred ownership of the Amazon Apartments to Trillium through a warranty deed in lieu of foreclosure. Trillium notified MSHDA of the transfer and its intent to abide by the requirements of the mandatory three-year TPP. Trillium maintained that "[t]he deed in lieu of foreclosure was executed in conformance with 26 USC 42(h)(6)(E) with respect to termination of the Regulatory Agreement restrictions related to the Property." MSHDA requested additional information about the debt and the acquisition through foreclosure, which Trillium provided. In February 2018, MSHDA approved the transaction and granted termination of the LIHTC extended-use period subject to the three-year TPP. After expiration of the TPP, MSHDA recorded a "Release of Regulatory Agreement" with the Muskegon County Register of Deeds on July 27, 2020.

## C. CIRCUIT COURT ACTION

In May 2023, plaintiff filed this action alleging that defendants breached the regulatory agreement, which acted as a restrictive covenant running with the land. Plaintiff asserted that her rental rate began to increase when the extended-use period ended in 2020 and maintained that her 2021-2023 rental rates were higher than the LIHTC standards. Plaintiff alleged that Muskegon Redevelopment conveyed that deed in lieu of foreclosure "with the primary or sole intent to strip the property of the Extended Use Period and its LIHTC status." Plaintiff requested a declaratory judgment declaring that the regulatory agreement remains in effect, and sought to permanently enjoin Trillium and any successors in interest from violating the regulatory agreement. The non-Trillium defendants moved for summary disposition under MCR 2.116(C)(4), (7), (8), and (10) in lieu of an answer. The trial court concluded that MSHDA, as the delegate of the Secretary of Treasury, had exclusive jurisdiction under 26 USC 42(h)(6)(E)(i)(I) to determine whether Trillium's acquisition of the property by a deed in lieu of foreclosure was part of an arrangement with Muskegon Redevelopment to terminate the extended-use period and thus dismissed the case in its entirety for lack of jurisdiction.[1] This appeal followed.

## III. ANALYSIS

Plaintiff argues that MSHDA does not have exclusive jurisdiction to determine whether defendants breached the regulatory agreement by engaging in a series of transactions to terminate the extended-use period and commitment to provide low-income housing. We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(4) is appropriate when "[t]he court lacks jurisdiction of the subject matter." MCR 2.116(C)(4). "For jurisdictional questions under MCR 2.116(C)(4), this

---

[1] Because the court determined that it lacked jurisdiction, it did not consider the other grounds for dismissal raised in the non-Trillium defendants' motion for summary disposition.

-3-

Court determines whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction." *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 176; 14 NW3d 456 (2023). (cleaned up).

The issue of subject-matter jurisdiction in this case involves statutory interpretation, which we review de novo. *Drob v SEK 15, Inc*, 334 Mich App 607, 617; 965 NW2d 683 (2020). "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "We accord to every word or phrase of a statute its plain and ordinary meaning, unless a term has a special, technical meaning or is defined in the statute." *Guardian Environmental Servs, Inc v Bureau of Const Codes and Fire Safety*, 279 Mich App 1, 6; 755 NW2d 556 (2008). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (cleaned up).

Relevant to this action, the Internal Revenue Code provides that the extended-use period shall terminate "on the date the building is acquired by foreclosure (or instrument in lieu of foreclosure) *unless* the Secretary determines that such acquisition is part of an arrangement with the taxpayer a purpose of which is to terminate such period." 26 USC 42(h)(6)(E)(i)(I) (emphasis added). "The Secretary" includes the Secretary of the Treasury and the Secretary's delegate, 26 USC 7701(a)(11)(B), (12)(A)(i). MSHDA is the delegate in Michigan. MCL 125.1422b(1). If the extended-use period is terminated by a valid foreclosure or an instrument in lieu of foreclosure, the owner of the LIHTC property is prohibited from evicting low-income tenants without good cause or raising rents for low-income tenants during the three-year TPP unless otherwise permitted by the LIHTC program. 26 U.S.C. 42(h)(6)(E)(ii).

Plaintiff's claim requires a determination whether Trillium's acquisition of the Amazon Apartments by the 2017 deed in lieu of foreclosure "is part of an arrangement with the taxpayer a purpose of which is to terminate such period." 26 USC 42(h)(6)(E)(i)(I). The statutory language is clear and unambiguous that the Secretary, and MSHDA as his delegate, are the explicit authorities to determine whether Trillium's acquisition of Amazon Apartments was part of an arrangement to terminate the extended-use period. 26 USC 42(h)(6)(E)(i)(I); 26 USC 7701(a)(11)(B), (12)(A)(i); MCL 125.1422b(1). The record does not contain any evidence that the Secretary or MSHDA concluded that Trillium's acquisition of the Amazon Apartments building was part of an arrangement with Muskegon Redevelopment to terminate the extended-use period. Unless the Secretary or MSHDA makes such a determination, the plain and unambiguous language of 26 USC 42(h)(6)(E)(i)(I) directs that the extended-use period "shall terminate . . . on the date the building is acquired by . . . [an] instrument in lieu of foreclosure . . . ." This Court has interpreted the use of "shall" in statutory language as specifying a mandatory directive. *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017). The record reflects that MSHDA, as the delegate of the Secretary, reviewed Trillium's acquisition paperwork, concluded that the extended-use period terminated effective May 26, 2017 (the date of execution of the deed in lieu of foreclosure), and, at the expiration of the TPP in 2020, recorded a "Release of Regulatory Agreement with the register of deeds stating that the November 2003 regulatory agreement was "terminated and released."

Given the plain and unambiguous statutory language, the trial court did not err by concluding that MSHDA, as the Secretary's delegate, "has exclusive jurisdiction over the question of whether Trillium's acquisition of the Amazon Apartments building was part of an arrangement with Muskegon Redevelopment to terminate the extended use period." Accordingly, the trial court did not err by granting the non-Trillium defendants' motion for summary disposition under MCR 2.116(C)(4) and dismissing the case in its entirety as to all parties for lack of jurisdiction.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Riordan
/s/ Sima G. Patel